**ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff,**

v.

**Horace Lamon HALL, Defendant.**

No. WC6320.

United States District Court
N. D. Mississippi, W. D.

July 25, 1963.

Smith & Smith, Corinth, Miss., for plaintiff.

Hugh N. Clayton, New Albany, Miss., for defendant.

CLAYTON, District Judge.

For disposition on briefs is defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action. The substance of the allegations of the complaint is that defendant negligently drove an automobile onto a public crossing of plaintiff's line of railroad without stopping in compliance with Mississippi law and contrary to the command of signs placed at said crossing as required by law, and negligently stopped said automobile on said line of railroad in the path of plaintiff's oncoming train which was then near said crossing. And, that defendant's said negligent actions created an emergency which caused the brakes of the train to be quickly applied and this caused some of the freight cars of said train to be derailed to the damage of plaintiff.

Defendant invokes primarily the principle of lack of reasonable foreseeability with respect to the derailment of the freight cars and argues that this could not have happened except for negligence on the part of defendant in, for example, maintenance of the braking system of

the train and its cars or in maintenance of the bed of the railroad or its rails.

Plaintiff contends that whether the emergency application of the brakes and the resulting derailment of the cars was reasonably foreseeable or not is a question of fact for the trier of facts when all the evidence is in, and, that any negligence on the part of plaintiff in any of the ways suggested by defendant would be contributory and thus would go only to diminution of damages and not to the basic question of liability.

Both parties cite and rely on Mauney v. Gulf Refining Company, 193 Miss. 421, 8 So.2d 249, 9 So.2d 780 (1942) with respect to application of the rule of reasonable foreseeability in Mississippi. Other cases which cite Mauney are also called to the court's attention. Most of these cases correctly apply the rule of reasonable foreseeability *to fully developed facts* after trial and verdict. Such is not the case here where the court must rely solely on the bare bones of the allegations of the complaint to say whether plaintiff can make a case. To dismiss at this stage, with the many apparent avenues of proof open to plaintiff, just will not do. To illustrate one of the many possibilities open to plaintiff: the evidence *conceivably could show* that defendant was experienced in the operation of trains (such as plaintiff's). Should this occur, then the picture would be quite different from the one now painted by defendant in his brief and by his argument.

■■ The court agrees at this time, and for the purpose of disposing of this motion only, with defendant especially since motions to dismiss for failure to state a cause of action are sparingly granted. In fact, the rule is that no such dismissal should occur "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) and

Fitz-Patrick v. Commonwealth Oil Co., (5 Cir., 1960) 285 F.2d 726.

The motion to dismiss is not well taken and will be overruled.

Order is being entered in accordance with this opinion.